**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DALE ALAN CURTIS,** § | | |
| # 644162, § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | | **Civil Action** |
| § | | **No. SA-11-CA-34-XR** |
| **JOEL F. BARBOSA, Warden,** § | | |
| **TERESA G. BATES, Mailroom** § | | |
| Administrative Assistant, § | | |
| **DEBBIE D. STRAIT, Mailroom** § | | |
| Administrative Assistant, § | | |
| **SARINA MENDOZA, Sergeant,** § | | |
| **FRANCISCO DURAN, JR., Lieutenant,** § | | |
| **JAMES W. HOWE, Sergeant,** § | | |
| **RAUL GUERRA, JR., Correctional Officer,** § | | |
| § | | |
| **Defendants** § | | |

**DISMISSAL ORDER**

Before the Court is plaintiff Dale Alan Curtis's 42 U.S.C. § 1983 civil rights complaint (Docket Entry No. 1). This Court ordered plaintiff to show cause why his civil rights complaint should not be dismissed (Docket Entry No. 3). Plaintiff was informed that if he failed to respond to the Order, his complaint would be dismissed for failure to prosecute and failure to comply with an order of this Court, pursuant to Fed. R. Civ. P. 41(b).

Plaintiff sought a stay of all proceedings because he was moved to another prison unit and he did not have his legal paperwork with him (Docket Entry No. 6). This Court granted an extension of time to respond to the Show Cause Order (Docket Entry No. 7). Plaintiff again asked for a stay of the proceedings because he had not received his paperwork, which he said he needed to attach as exhibits to an amended complaint (Docket Entry No. 9). Plaintiff did not identify the documents he

did not have, and he did not state why he needed them for an amended complaint. Nevertheless, plaintiff was granted an extension of time to July 8, 2011, to respond to the Show Cause Order. Plaintiff was informed that if he sought another extension based on not having his legal documents, plaintiff would be required to identify the documents and exhibits that were missing, and he would be required to explain why he was unable to file an amended complaint without them.

The time for compliance with this Court's Order has expired, and plaintiff has not responded to the Show Cause Order. Therefore, plaintiff's complaint is dismissed for failure to prosecute or comply with this Court's Show Cause Order pursuant to Rule 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," *i.e.*, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

When interpreting a prisoner's complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988), or for failure to state

a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th 2006).

Plaintiff contends on September 16, 2009, he and his cellmate each received two sandwiches in their cell. In Texas prisons, sandwiches or sack lunches are referred to as "johnnies" or "johnny sacks." One of the sandwiches plaintiff and his cellmate each received was a ground beef sandwich containing four to six pieces of ground beef, but plaintiff asserts one-quarter pound of ground beef is required on each sandwich. On September 21, 2009, plaintiff put his sandwich in an envelope and his cellmate's sandwich in another envelope. One envelope was addressed to a Texas state senator and the other envelope was addressed to a Texas state representative. Plaintiff put the envelopes in an indigent envelope and deposited the indigent envelope in the prison mailbox. On September 22, 2009, the mailings were returned to plaintiff with a note stating food cannot be sent by mail. On September 24, 2009, plaintiff put stamps on the two envelopes and again put them in the prison mailbox. On October 1, 2009, warden Joel F. Barbosa met with plaintiff and said he would not permit the envelopes to be mailed. A document from Barbosa to plaintiff, attached to plaintiff's complaint, stated one johnny was removed from each package, because it was against TDCJ policy to send johnnies to elected officials. On October 5, 2009, mailroom administrative assistant Debbie D. Strait told plaintiff that other pieces of outgoing mail were being denied because the enclosed sandwiches were uninspectable. In a document submitted by plaintiff with his complaint, Strait told plaintiff that outgoing mail was being denied because a sandwich was enclosed in the mailing. Plaintiff sent a request to Teresa G. Bates, mailroom supervisor, to have the envelopes and letters returned to him. On October 1, 2009, Barbosa told plaintiff he knew how he was going to deal with plaintiff in the future. On October 15, 2009, plaintiff filed a grievance against Barbosa for the denial of outgoing legal mail. The grievance was denied.

Plaintiff contends Barbosa began retaliating against plaintiff on November 16, 2009. Barbosa was in charge of the Connally Unit classification committee. Plaintiff asserts on November 16, 2009, Barbosa denied plaintiff's promotion in line class from S-4 to S-3. Plaintiff filed a greivance. The response to the grievance stated the decision of the three-member classification committee was based on plaintiff's three disciplinary infractions within six months.

Plaintiff asserts on November 20, 2009, Sergeant Sarina Mendoza entered into an agreement to falsify a document that resulted in a disciplinary case. Plaintiff does not identify anyone with whom Mendoza entered into any such agreement, although plaintiff elsewhere in his complaint asserts Barbosa and Mendoza entered into an agreement with Mendoza to retaliate against plaintiff, resulting in unlawful punishment. Plaintiff does not specify any document that Mendoza falsified. Plaintiff refers to disciplinary case number 20100084849, in which plaintiff was accused of failing to comply with grooming standards by not shaving and for being in a commissary when plaintiff was not authorized on November 20, 2009. Plaintiff alleges on November 26, 2009, Lieutenant Franciso Duran entered into an agreement with Mendoza to punish plaintiff for a false disciplinary case. Plaintiff again refers to disciplinary case number 20100084849. At a disciplinary hearing in that case conducted by Duran on November 26, 2009, plaintiff was found not guilty of the grooming offense, but he was found guilty of being out-of-place, and he was assessed a punishment of twenty days of recreation and commissary restriction. Plaintiff filed a grievance for the disciplinary case. The response to the grievance observed that the grooming charge was dismissed at the disciplinary hearing. The grievance response also stated plaintiff's account showed a .00 balance, and that once plaintiff's card was swiped and his transaction was completed, plaintiff should have returned to his cell.

Plaintiff complains he was not seen on May 13, 2010, for a promotion in line-class. Plaintiff asserts he was instead seen on May 18, 2010.

Plaintiff contends he possessed a clipper-shave pass authorizing him to maintain one-fourth inch of facial hair. Plaintiff asserts on October 15, Barbosa instructed officer Derek E. Calero to charge plaintiff with a disciplinary case for not shaving. Plaintiff was charged in disciplinary case number 20110048478 with refusing to comply with grooming standards by refusing to shave. The charging officer was listed as Raul Guerra, Jr., but plaintiff contends he had nothing to do with the incident. Officer James W. Howe read the charges to plaintiff. At a disciplinary hearing, the case was dismissed, and plaintiff was not punished. Plaintiff asserts on November 16, 2010, Barbosa instructed another officer to charge plaintiff with a disciplinary case for not shaving. Plaintiff does not allege whether he was actually charged with a disciplinary case for the November 16th incident, and he does not state the result of any such disciplinary case. On December 10, 2010, Barbosa had an officer stop plaintiff to charge him with a disciplinary case for not shaving. Barbosa took plaintiff's ID holder and threw it on the ground, cursing at plaintiff. Plaintiff does not allege whether he was actually charged with a disciplinary case for the December 10th incident, and he does not state the result of any such disciplinary case. On December 11, 2010, plaintiff asserts Barbosa stopped plaintiff, used profanity toward plaintiff, and instructed another officer to charge plaintiff with not shaving. Plaintiff does not allege whether he was actually charged with a disciplinary case for the December 11th incident, and he does not state the result of any such disciplinary case.

Plaintiff asserts defendant Barbosa violated plaintiff's right to free speech by not allowing plaintiff's legal mail to go out. Plaintiff contends defendants Bates and Strait violated plaintiff's First Amendment rights by refusing to send plaintiff's legal mail. Plaintiff contends defendant

Mendoza falsified a document to punish plaintiff, thereby violating plaintiff's right to be free from cruel and unusual punishment. Plaintiff asserts defendant Duran's finding that plaintiff was guilty in a disciplinary case violated plaintiff's right to be free from cruel and unusual punishment. Plaintiff claims defendant Guerra's agreement to falsify a document constituted cruel and unusual punishment. Plaintiff contends defendant Howe signed a document different than the original document to ensure plaintiff was punished, in violation of the prohibition against cruel and unusual punishment. Plaintiff also contends the acts committed by the defendants denied his right to due process.

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 civil rights action, a plaintiff must prove the defendant was personally involved in the actions he complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

Plaintiff claims defendant Bates violated his constitutional rights by refusing to send out plaintiff's outgoing mail. However, plaintiff does not allege any facts regarding any refusal by Bates to send outgoing mail. Instead, plaintiff only alleges he had to make a request that Bates return plaintiff's envelopes and letters to him. Plaintiff does not allege the material was not returned to

him. Plaintiff does not allege defendant Bates was personally involved in the determination that plaintiff's mail with food enclosed could not be sent out, and plaintiff does not allege Bates was responsible for a policy that food could not be mailed by inmates or that items in outgoing mail that could not be inspected would not be permitted to be sent.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Once a qualified immunity defense is raised, it is the plaintiff's burden to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Overcoming a qualified immunity defense requires examination of a two-step analysis: the plaintiff must show the defendant violated his constitutional rights and the constitutional right allegedly violated was clearly established at the time the events in question occurred. *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996).

> The United States Constitution permits greater restriction of prisoners' First Amendment rights than it allows elsewhere and affords substantial deference to the professional judgment of prison administrators. *See Beard v. Banks*, ---U.S. ----, 126 S.Ct. 2572, 2577-78, 165 L.Ed.2d 697 (2006) (upholding a prison policy that denies access to newspapers, magazines, and photographs to violent inmates confined in long-term restrictive housing) (citations omitted). Inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993) ("A prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

\* \* \*

> The Fifth Circuit has held that prisoners have a right to be free from "arbitrary censorship" of outgoing mail. *Brewer*, 3 F.3d at 826. However, "freedom from censorship is not equivalent to freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

*Weaver v. Rafter*, 2008 WL 167310, No. G-05-0506 (S.D. Tex. Jan 16, 2008).

Defendants Barbosa, Bates, and Strait are entitled to invoke qualified immunity regarding plaintiff's claim about outgoing mail. Plaintiff has failed to allege particular facts sufficient to show defendants are not entitled to qualified immunity. Plaintiff has failed to alleged facts that would show his constitutional rights were violated by the inspection of his outgoing mail. *See Brewer*, 3 F.3d at 821. Also, plaintiff has not shown he clearly had a constitutional right to mail food from a prison. Additionally, it would have been reasonable for defendants to have determined the sandwiches were uninspectable, because they could not have determined whether any substance had been added to the sandwiches. It would have been reasonable for defendants to have determined that sandwiches could spoil while being transported in the mail, thus finding it necessary to protect the addressees from receiving odious, spoiled food in a mailing from prison. Moreover, plaintiff has not shown that food as an enclosure in mail is not considered to be contraband. Additionally, plaintiff has not alleged facts that would show his attempted mailing of food complied with the requirements of the United States Postal Service for hazardous, restricted, and perishable mail. *See* United States Postal Service Publication 52; United States Postal Service Domestic Mail Manual.

Plaintiff has not shown how he was harmed by not being allowed to mail sandwiches. If plaintiff's purpose in mailing the sandwiches was to complain to elected officials about the quality of the sandwiches he was served, plaintiff could have explained in a letter about the nature of any problem he had with the food. Plaintiff does not allege he was prevented from sending a letter by itself to the officials. Rather, prison officials would not permit the mailing of food.

Plaintiff's claims against Barbosa, Mendoza, and Duran regarding disciplinary case number

20100084849 fail to state a civil rights claim. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a § 1983 claim about unconstitutional confinement does not accrue until the basis of that confinement has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." In *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court held "[a prisoner's] claim for declaratory relief and money damages, based on [alleged due process violations in the course of a prison disciplinary hearing] that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *See also Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (an inmate may not recover good-time credits lost in a prison disciplinary proceeding through a § 1983 action).

Here, plaintiff does not state his punishment in disciplinary case number 20100084849 has been overturned. Therefore, he may not raise any claim in this civil rights case regarding that disciplinary case.

Moreover, to prevail in a civil rights case or a habeas corpus case challenging a disciplinary case, the plaintiff or petitioner must show the disciplinary proceedings denied him a liberty interest protected by the Due Process Clause; typically such a protected liberty interest consists of lost good-time where the loss of good-time will affect the duration of the petitioner's sentence. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974). As a result of disciplinary case number 20100084849,

plaintiff lost twenty days of recreation and commissary privileges. Plaintiff's commissary and recreation restrictions do not affect a liberty interest and do not implicate due process concerns. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997); *see also Payne v. Dretke*, 80 Fed. Appx. 314, 315 (5th Cir. 2003) (recreation restrictions do not implicate a liberty interest under the Due Process Clause). Because plaintiff has not lost a protected liberty interest there is no predicate for a civil rights or habeas corpus due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995). Also, plaintiff has not shown how a twenty-day loss of privileges is cruel and unusual punishment.

Regarding plaintiff's claims against Barbosa, Howe, and Guerra regarding disciplinary case number 20110048478, it does not appear plaintiff was found guilty or punished for any disciplinary cases regarding the failure to comply with the grooming standards. Thus, plaintiff fails to allege an injury. *See O'Shea v. Littleton*, 414 U.S. at 493-95 (the case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a civil rights complaint must allege an injury). Also, plaintiff alleges Howe "signed a document that was different than the original." It is not clear what plaintiff means, and plaintiff does not allege any act that was a constitutional violation. Plaintiff alleges Guerra agreed to falsify a document even though he was not a party to the incident. Again, plaintiff does not explain what he means, and plaintiff does not allege any act that was a constitutional violation.

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). Prison officials may not retaliate against an inmate for complaining to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). A conclusory claim of retaliation is insufficient. *Id*. at 1166. However, a plaintiff may allege a

chronology of events from which retaliation may be inferred. *Id*. The retaliatory adverse act cannot be so *de minimis* that it would not deter an ordinary person from further exercising his or her constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Causation means that but for the retaliatory motive, the adverse action would not have occurred. *Johnson v. Rodriguez*, 10 F.3d 299, 310 (5th Cir. 1997).

The Fifth Circuit has stated:

> [P]rison officials must have wide latitude in the control and disciplining of inmates, that latitude does not encompass conduct that infringes on an inmate's substantive constitutional rights. Within that limitation we intend no undue restriction of actions legitimately motivated by concerns of prison order and discipline. . . . The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.
> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the filing of disciplinary reports as in the case at bar–would not have occurred. This places a significant burden on the inmate. Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Although we decline to hold as a matter of law that a legitimate prison disciplinary report is an absolute bar to a retaliation claim, the existence of same, properly viewed, is probative and potent summary judgment evidence, as would be evidence of the number, nature, and disposition of prior retaliation complaints by the inmate.

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted).

Here, plaintiff contends Barbosa retaliated against him. Plaintiff does not clearly allege the reason for retaliation. Plaintiff appears to suggest the retaliation was because plaintiff unsuccessfully tried to mail sandwiches to state officials. However, as explained elsewhere in this Order, plaintiff had no constitutional right to mail sandwiches.

Plaintiff appears to complain that he was denied a promotion in line class by the unit classification committee, of which Barbosa was in charge, and that the denial of a promotion was retaliatory. However, in response to a grievance, it was explained to plaintiff that the committee decision was by a majority vote of three members, and the decision was based on plaintiff's three disciplinary infractions within six months. Plaintiff alleges no facts to dispute there were at least two committee members who voted to deny the promotion and that the reason was plaintiff's disciplinary record. Plaintiff's conclusory claim of retaliation is insufficient.

Plaintiff makes the conclusory claim that Barbosa and Mendoza retaliated against him, resulting in Mendoza falsifying a document, but he does not allege how Barbosa was involved in disciplinary case number 20100084849, he does not allege any facts to show any conspiracy to retaliate, and he does not allege any specific constitutional right Mendoza intended to retaliate against plaintiff for exercising. If plaintiff again means he was retaliated against for trying to mail sandwiches, he has not shown he had a constitutional right to mail food to state officials. Additionally, plaintiff was found guilty of being out-of-place; that determination has not been set aside; and, contrary to plaintiff's conclusory claim, he has not demonstrated that the allegation against him was false. Also, plaintiff was found not guilty of the grooming charge. Because he received no punishment for that charge, plaintiff has not shown how he was injured by any retaliation related to the grooming charge.

Plaintiff also contends Barbosa instructed various other officers to charge plaintiff with disciplinary actions for not shaving. It is not clear whether plaintiff alleges these were retaliatory acts for plaintiff's attempts to mail food. To the extent plaintiff's complaint alleges retaliation regarding these incidents, any such complaint is conclusory. Of these other incidents, plaintiff alleges there was only one other disciplinary case: 20110048478 for refusing to comply with grooming standards

by refusing to shave. Plaintiff asserts on October 15, 2010, Barbosa told officer Calero to charge plaintiff with the disciplinary case. However, at the disciplinary hearing, the case was dismissed and plaintiff was not punished. Plaintiff has not shown he was injured by any retaliation related to this disciplinary case or to any other threatened disciplinary action.

For the foregoing reasons, plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim, and the complaint is **DISMISSED** for failure to comply with an order of this Court. All pending motions are **DENIED**.

**The Clerk of Court shall send a copy of this Dismissal Order and the Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."**

It is so ORDERED.

SIGNED this 26th day of July, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE